**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **DANIEL ANDRES DURAN** § <br> **# 02297580** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **EL PASO POLICE DEPARTMENT, et al.,** § <br> § <br> **Defendants.** § | NO.  EP-19-CV-335-PRM-MAT |

### MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Appointment of Counsel (ECF No. 39), filed by Plaintiff Daniel Andres Duran ("Plaintiff"). Plaintiff is incarcerated at the Texas Department of Criminal Justice ("TDCJ") Walker Sayle Unit in Breckenridge, Texas (ECF No. 21) and is proceeding pro se and in forma pauperis. (ECF No. 7). This case was referred to this Court pursuant to the Standing Order regarding prisoner civil rights cases and in accordance with 28 U.S.C. § 636(b) and Appendix C to the Local Rules of the United States District Court for the Western District of Texas. For the following reasons, the motion is **DENIED WITHOUT PREJUDICE.**

### I.     PROCEDURAL HISTORY

In this lawsuit, Plaintiff brings claims against the El Paso Police Department and two police officers, Officer Mena and Officer Almanza, alleging that the officers used excessive force when tackling Plaintiff to the ground, causing Plaintiff a broken bone, and that the officers subsequently refused Plaintiff's requests for help with his injury after he was in the officers' custody. (ECF No. 8, at 4). Plaintiff also claims that the officers did not identify themselves and did not read him his

1

Miranda[1] rights. *Id.* at 3. On December 19, 2019, Plaintiff was granted leave to proceed with this case in forma pauperis. (ECF No. 7). On December 30, Plaintiff was ordered to complete a questionnaire regarding his complaint. (ECF No. 10). After receiving Plaintiff's completed questionnaire (ECF No. 22), the Court issued an order for service of process, directing that all Defendants in this case be served. (ECF No. 24).

Defendant Officer Victor Almanza ("Defendant Almanza") filed an answer on March 27, 2020. (ECF No. 31). On May 21, 2020, Defendant Officer Virgil Mena ("Defendant Mena") filed a motion to dismiss, arguing that he is entitled to qualified immunity.[2] (ECF No. 40). As of the date of this Order, the El Paso Police Department has not yet made an appearance.

## II.     LAW & ANALYSIS

An indigent plaintiff asserting civil rights claims under 42 U.S.C. § 1983 does not have a right to the appointment of counsel unless the case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In *Ulmer*, the Fifth Circuit articulated a number of factors that should be considered in determining whether exceptional circumstances exist:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Id.* at 213 (citations omitted). District courts should also consider whether the appointment of counsel would be a service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] An order vacating deadlines until May 1, 2020, was entered on March 27, 2020 due to the impact of the novel Coronavirus pandemic and the Local Emergency Directive restricting certain activities of the local community. (ECF No. 32).

determination" *Id.* (citation omitted). A plaintiff's attempts to secure private counsel independently may also be considered. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015).

Here, Plaintiff has not demonstrated that exceptional circumstances exist. Plaintiff claims that the defendants used excessive force causing him injury, refused his requests for help with his injury, did not identify themselves, and did not read Plaintiffs his Miranda rights. (ECF Nos. 8, 22). At this early stage in the litigation, the Court finds nothing unusually complex or complicated about these claims, which Plaintiff has adequately presented clearly and with detail in his Complaint and answers to the questionnaire. *See e.g., Chamberlain v. Chandler*, 344 F. App'x 911, 913 (5th Cir. 2009) (finding issues were not complex to warrant a finding of exceptional circumstances in a multi-defendant, multi-claim case, including a claim of deliberate indifference to serious medical needs); *Harmon v. Nguyen*, No. 3:14-cv-2038-D, 2015 WL 153697, at *2 (N.D. Tex. Jan. 12, 2015) (denying plaintiff's motion for appointment of counsel in a case involving a claim of excessive force where the plaintiff's claims were factually and legally straightforward).

Although Plaintiff claims he does not have sufficient access to legal materials and resources to assist in the presentation of his case, he does admit that his current place of incarceration has a "mini law library." (ECF No. 39). However, Plaintiff has not demonstrated to the Court how the materials to which he has access are insufficient to assist him in researching and investigating his case. *See Harmon*, 2015 WL 153697, at *2 (denying motion to appoint counsel where plaintiff made similar allegation).

Furthermore, not all defendants have answered or made an appearance, and one defendant has filed a motion to dismiss asserting the affirmative defense of qualified immunity. Therefore, it is too early to tell what type of discovery may be required and how voluminous it will be, as well as whether the evidence will consist in large part of conflicting testimony so as to require skill in

the presentation of evidence and cross-examination. *See Ulmer,* 691 F.2d at 213; *Moore v. Crescent Med. Ctr.*, No. 3:16-cv-3362-M-BN, 2017 WL 635032, at *3 (N.D. Tex. Feb. 16, 2017) (denying appointment of counsel where, *inter alia*, it was too early to tell how evidence will be used in a case and whether it will consist of conflicting testimony). Considering all of these factors, the Court also finds that there is no specific indication that the appointment of counsel would be a service to the parties or the Court at this time.

The Court notes that Plaintiff states that he has had "no luck [in securing an attorney] due to the Pandemic Corona Virus." (ECF No. 39). However, Plaintiff does not describe the efforts he has made to secure an attorney. *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (noting that the plaintiff had "failed to demonstrate that he was unable to secure private counsel" in finding that the trial court did not err in denying the plaintiff's motion for appointment of counsel); *see also Ulmer*, 691 F.2d at 213 (district court may require a showing as to what effort has been made to secure private counsel prior to determining whether exceptional circumstances exist). Although the Court considered Plaintiff's motion without requiring him to provide evidence of his efforts to secure private counsel, including names of attorneys contacted and dates of the attempted contact, the Court will likely require that before considering any the future request. In the instant motion, Plaintiff has not shown that exceptional circumstances exist. Therefore, the Court will deny Plaintiff's motion for appointment of counsel.

However, considering that this case is in the early stage of litigation, the Court will deny the motion without prejudice. Should this case proceed to a more advanced stage of litigation, Plaintiff would not be prohibited from again moving for appointment of counsel should he find it necessary. *See Harmon*, 2015 WL 153697, at *2.

### III.   CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 39) is **DENIED WITHOUT PREJUDICE.**

**SIGNED and ENTERED** this <u>29th</u> day of May, 2020.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE